IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CV-412-FL

| | |
|---|---|
| TIMOTHY BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| BANK OF AMERICA and LAJUNE ) | |
| RAY, ) | |
| ) | |
| Defendants. | |

This matter, removed from state court July 6, 2012, wherein plaintiff alleges his current employer, defendant Bank of America, and manager, Lajune Ray, retaliated against him in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, et seq., comes now before the court on defendants' motion for summary judgment (DE 18), after a brief period of discovery in the case, with benefit of a magistrate judge's memorandum and recommendation ("M&R"), issued July 12, 2013, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The issues raised are ripe for decision.

### BACKGROUND

Plaintiff filed this action *pro se* on June 11, 2012, in Cumberland County Superior Court and it was removed to this court by defendants on July 6, 2012. Plaintiff proceeded through discovery and mediation without representation. On November 30, 2012, defendants filed motion for summary judgment, to which plaintiff responded, and defendants replied. Motion was referred to a magistrate judge on April 16, 2013, and the M&R issued on July 12, 2013.

Plaintiff sought additional time to make his objection to M&R, on various grounds including his efforts then ongoing to secure legal counsel. On August 23, 2013, plaintiff filed a third motion for extension of time to respond to M&R, a motion for leave to amend his complaint, and a motion for voluntary dismissal on his own behalf. Basis for dismissal, plaintiff contended, rested with his improper presentation of his position. Seizing on efficiencies, the court addressed these motions together in order entered August 27, 2013.

Taking up first the motion for leave to file amended complaint, given the procedural posture of the case, where the time to make such a motion long ago had expired, the court denied that *pro se* motion, made against the backdrop that plaintiff was in fact trying to reform his presentation then through the sought-after services of an attorney. The court determined that the motion for dismissal simply did not make sense, either, where at the same time plaintiff filed a motion seeking more time within which to make his response to the memorandum and recommendation.

Plaintiff secured counsel on August 30, 2013, and a fourth motion for extension of time to respond to M&R was granted on September 4, 2013. On September 18, 2013, plaintiff filed through counsel a memorandum in opposition that contained a motion to dismiss without prejudice (DE 41), to which defendants responded. Plaintiff's motion through counsel relied heavily on his former *pro se* status, picking up the strands of plaintiff's own motion earlier made, seeking dismissal of the case without prejudice, because of understood infirmities in case presentation.

In the objection, plaintiff contends that the prejudice suffered by defendants in conducting the limited discovery in this case is outweighed by the court's duty to ensure justice is done. Defendants oppose the motion, responding in part that they would suffer prejudice given the advanced stage of the litigation and the costs incurred.

## COURT'S DISCUSSION

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The decision to grant such a motion is within the sound discretion of the court. However, "plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant[s]." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). The court may include terms in its order granting voluntary dismissal in order to prevent or cure prejudice to the defendants. See Fed. R. Civ. P. 41(a)(2); Choice Hotels Int'l, Inc., v. Goodwin & Boone, 11 F.3d 469, 471 (4th Cir. 1993).

The court recognizes the inconvenience to defendants, and costs incurred in defending against plaintiff's claims, framed in complaint filed originally in Cumberland County Superior Court last year, which action defendants removed to this court. After a careful balancing of the relevant factors, however, the court finds the prejudice suffered by defendants, while it exists, is not substantial. In its discretion, under the facts and circumstances presented, the court grants plaintiff's motion. See Fed. R. Civ. P. 41(a)(2). Plaintiff shall bear the costs of the action.

## CONCLUSION

Plaintiff's motion to dismiss without prejudice, pursuant to Rule 41(a)(2) is GRANTED (DE 41), and the case is DISMISSED. On this basis, the court DENIES defendant's motion as MOOT (DE 18), and DECLINES to adopt the M&R (DE 28). Plaintiff shall bear the costs of the action.[1]

SO ORDERED, this the 25th day of September, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[1] Where both sides have benefit of the issues framed in this litigation, the parties are encouraged to engage in dialogue aimed at resolving their differences, prior to plaintiff's filing of a subsequent suit, which dialogue may be aided by a professional mediator.

4